# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAMMA JEAN WOODS, et al., | CASE NO. 07cv1078 DMS (PCL) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| vs. | |
| JULIE L. MYERS, et al., | [Doc. 11] |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion for class certification. The matter was fully briefed by the parties and argued on November 30, 2007. Tom Jawetz appeared for Plaintiffs, Rachel Love appeared for the CCA Defendants, and Samuel Go appeared on behalf of the Federal Defendants. Having considered the papers submitted and the arguments of counsel, the Court denies Plaintiffs' motion for class certification.

## I.

## BACKGROUND

The facts of this case are well known to the parties. Therefore, the Court sets forth only those facts relevant to the present motion. Plaintiffs have filed suit alleging deficient medical treatment at the San Diego Correctional Facility (SDCF). Plaintiffs include Eamma Jean Woods, Rigoberto Aguilar-Turcios, Mohammad Monfor Ali Nesa, Fred Nganga Ngugi, Luis Alberto Tinoco, Sylvester Owino, Gloria Vanegas, Alfredo Toro, and Romeo Fomai.

1      Plaintiffs allege Defendants violated their due process rights under the Fifth Amendment of

2 the United States Constitution due to deficient medical, mental health, dental, and vision care.  In

3 particular, Plaintiffs allege the SDCF staff "routinely ignore[s] requests for urgent care by detainees

4 with dangerous and painful health problems," and detainees "typically receive superficial or

5 inappropriate care, often by staff unqualified to provide proper care," thereby forcing detainees "to

6 suffer needlessly as a result of defendants' policies and practices."  (Compl. ¶ 2).  Plaintiffs seek

7 judgment: (1) declaring that such policies, practices, acts, and omissions "violate plaintiffs' rights

8 under the Constitution," and (2) enjoining Defendants "from subjecting plaintiffs to the

9 unconstitutional conditions."  (*Id.*, "Prayer for Relief" ¶ (c),(d)).

**II.**

**LEGAL STANDARDS**

12      A district court may certify a class only if: "(1) the class is so numerous that joinder of all

13 members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims

14 or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the

15 representative parties will fairly and adequately protect the interests of the class." *Dukes v. Wal-Mart,*

16 *Inc.*, 474 F.3d 1214, 1224 (9th Cir. 2007) (citing Fed. R. Civ. P. 23(a)).  "The district court must also

17 find that at least one of the following three conditions is satisfied: (1) the prosecution of separate

18 actions would create a risk of: (a) inconsistent or varying adjudications or (b) individual adjudications

19 dispositive of the interests of other members not a party to those adjudications; (2) the party opposing

20 the class has acted or refused to act on grounds generally applicable to the class; or (3) the questions

21 of law or fact common to the members of the class predominate over any questions affecting only

22 individual members, and a class action is superior to other available methods for the fair and efficient

23 adjudication of the controversy." *Id.* (citing Fed. R. Civ. P. 23(b)).  The party seeking certification

24 bears the burden of showing that each of the four requirements of Rule 23(a), and at least one of the

25 three requirements of Rule 23(b), are met.  *Id.*

**III.**

**DISCUSSION**

28      Defendants argue certification is improper because Plaintiffs have not satisfied the numerosity,

07cv1078

1   commonality, typicality and adequacy of representation requirements of Rule 23(a), nor have they

2   satisfied the requirements of Rule 23(b)(2).  Certification is appropriate under Rule 23(b)(2) where

3   "the party opposing the class has acted or refused to act on grounds generally applicable to the class,

4   thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to

5   the class as a whole." Fed. R. Civ. P. 23(b)(2).  For the reasons set forth below, the Court finds the

6   requirements of Rule 23(b)(2) are not met.[1]

7      First, Plaintiffs do not allege any act or refusal to act by Defendants, or even an exhaustive list

8   of such acts, that are generally applicable to the class.  Plaintiffs emphasize, "all class members are

9   subject to the same medical system, the same administrative policies, and the same systematic denial

10  of care." (Reply at 8).  However, each Plaintiff claims to have suffered from a distinct manifestation

11  of varying combinations of the allegedly deficient policies.  For example, some physically ill Plaintiffs

12  allegedly were denied medical care (Compl. ¶ 89); some allegedly received insufficient care (Compl.

13  ¶ 104); and other "healthy" Plaintiffs are alleged to be in danger because they were housed near

14  mentally ill Plaintiffs whose hygienic practices cause health concerns. (Compl. ¶ 109).  These widely

15  differing circumstances belie Plaintiff's argument that highly individualized questions regarding the

16  appropriateness of medical care can be characterized as actions or a refusal to act generally applicable

17  to the class as a whole.[2]

18     Plaintiff correctly points out that other courts have certified classes similar to the present class

19  under Rule 23(b)(2).  However, many of the cases cited by Plaintiffs are distinguishable because the

20  relief sought affected all plaintiffs. *See, e.g. Ramos v. Lamm*, 639 F.2d 559, 562, 577 (10th Cir. 1980)

21  (class relief resulted in closure of maximum security unit altogether); *Jones 'El v. Berge*, 2001 WL

22

23     [1]  The typicality and commonality requirements of Rule 23(a) also are not met.  The discussion
    however, focuses on Rule 23(b) as it is dispositive.

24

25     [2]  Even in the context of the more permissive "commonality" requirement of Rule 23(a), an
    allegation of systematic deficiencies may be insufficient to create a common question of law or fact
26  where, as here, the actual deficiencies alleged vary widely and affect plaintiffs differently. *See J.B.
    ex rel Hart v. Valdez*, 186 F.3d 1280, 1289 (10th Cir. 1999).  There, plaintiffs were children with
27  mental and developmental disabilities in the custody of the state who alleged deficiencies in their
    treatment. *Id.* at 1282.  Even though that class, unlike the instant proposed class, excluded healthy
28  individuals, the circuit court upheld the denial of class certification because "rather than adequately
    advancing a discrete question of law, plaintiffs merely attempt[ed] to broadly conflate a variety of
    claims to establish commonality via an allegation of systematic failures." *Id.* at 1289.

1   34389611, *13 (certifying class where "the question whether defendants' inadequate staffing violates

2   plaintiffs' rights under the Eighth Amendment is generally applicable to the class.").  In other cases

3   cited by Plaintiffs, class certification was granted without analysis of the relevant Rule 23(b) factors.

4   *See, e.g. Bradley v. Harrelson*, 151 F.R.D. 422, 425-27 (M.D. Ala. 1993); *Dean v. Coughlin*, 107

5   F.R.D. 331, 332-35 (S.D.N.Y. 1985); *Bradley v. Harrelson,* 151 F.R.D. 422, 425-27 (M.D. Ala. 1993).

6   These cases are therefore of little assistance.

7          Second, because Plaintiffs fail to allege a specific act or refusal to act applicable to the class

8   as a whole, injunctive relief on a class-wide basis is inappropriate.  At oral argument, counsel indicated

9   that Plaintiffs envision an injunction generally ordering Defendants to provide constitutionally

10  sufficient levels of care, rather than an injunction against a particular policy or policies.  Such wide-

11  ranging, ill defined relief does not comport with Rule 65(d)(1), which cautions that: "every order

12  granting an injunction . . . must . . . state its terms specifically; and . . . describe in reasonable detail

13  . . . the act or acts restrained or required."  Fed. R. Civ. P. 65(d)(1).  Since an injunction prohibits or

14  requires conduct under threat of punishment, "basic fairness requires that those enjoined receive

15  explicit notice of precisely what conduct is outlawed."  *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974),

16  *superceded on other grounds.*

17         Plaintiffs correctly note that actions to enjoin unconstitutional government conduct are "the

18  classic type of action envisioned by the drafters of Rule 23 to be brought under subdivision (b)(2)."

19  *Elliott v. Weinberger*, 564 F.2d 1219, 1229 (9th Cir. 1977).  Simply alleging a civil rights violation,

20  however, does not automatically bring Plaintiffs within the purview of Rule 23(b)(2).  In *Elliott*,

21  plaintiffs alleged specific conduct that affected all putative class members – namely, a class comprised

22  of "old-age and disabled" social security beneficiaries sought a hearing before the government initiated

23  recoupment procedures to recover monies paid to such beneficiaries allegedly in excess of their legal

24  monthly entitlements.  All beneficiaries were affected in the same way by the same threatened

25  recoupment process.

26         Similarly, this Court in *Kiniti v. Wagner,* Case No. 05-cv-1013, Doc. 112, certified the *same*

27  class of Plaintiffs presently at issue but under markedly different circumstances.  In *Kiniti*, Plaintiffs

28  alleged that detainees of SDCF were housed three to a cell, in a practice referred to as "triple-celling."

While the cells were intended to house two detainees, Defendants housed three detainees to a cell in response to overcrowding. The practice of triple-celling affected most, if not all, of the SDCF's detainees because the housing conditions impacted or were likely to impact all current and future detainees. Given these allegations, the discrete issue of the constitutionality of triple-celling is presented for resolution, and, if Plaintiffs prevail, an injunction may be appropriately issued under Rule 65(d)(1).

In contrast, the instant Complaint alleges a wide range of practices, not one of which affects more than four named Plaintiffs. Under such circumstances, the presence of a class could well *hinder* the court's ability to grant specific redress. For example, in *Todaro v. Ward,* 431 F. Supp. 1129 (S.D.N.Y. 1977), the court addressed the following analogous question on a class-wide basis: "at what point do individual failures in the overall operation of a prison medical care system add up to deliberate indifference which would render the entire system unconstitutional?" *Id.* at 1133. The court in *Todaro* ultimately was forced to consider each plaintiff's complaint, evaluate the propriety of actions taken by individual officials, and, while carefully avoiding interfering with medical judgment, determine whether the policy undertaken affected enough of the claimants to constitute a pattern of unconstitutional behavior. Ultimately, the resulting injunction ordered the parties to *meet* in an attempt to agree on new means and procedures for providing, among other things, "better" medical access, "adequate" screening, and "reasonably prompt" access to a physician. None of the plaintiffs received immediate court-ordered relief regarding their actual medical problem. *Id.* at 1160. Here, granting class certification would necessitate a similarly delicate inquiry, likely yielding a similarly vague and incomplete remedy. This the Court respectfully declines to do.

The difficulties in managing institutional medical care by decree are highlighted by the Supreme Court in a closely related context:

> [T]he problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Most require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. For all these reasons, courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.

*Procunier v. Martinez*, 416 U.S. 396, 404-05 (1974)*, overruled on other grounds*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## CONCLUSION

Because Plaintiffs have failed to demonstrate that Defendants have "acted or refused to act on grounds generally applicable to the class," certification of the class is inappropriate under Rule 23(b)(2).  Plaintiffs' motion for class certification is DENIED.

**IT IS SO ORDERED.**

DATED:  December 11, 2007

_____

HON. DANA M. SABRAW
United States District Judge

07cv1078