LAW OFFICES OF ELIZABETH ALEXANDER
ELIZABETH ALEXANDER
1416 Holly St., NW
Washington, D.C. 20012
Telephone: (202) 291-3774

ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
DAVID BLAIR-LOY
P.O. Box 87131
San Diego, CA 92138
Telephone: (619) 231-2121

COOLEY LLP
ANTHONY M. STIEGLER
MARY KATHRYN KELLEY
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000

*Counsel for Plaintiffs*

OFFICE OF IMMIGRATION LITIGATION
CIVIL DIVISION, U.S. DEPARTMENT OF JUSTICE
VICTOR M. LAWRENCE
SAMUEL P. GO
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-9923

*Counsel for Federal Defendants*

JONES, SKELTON & HOCHULI, P.L.C.
DANIEL P. STRUCK
RACHEL LOVE
2901 North Central Ave., Suite 800
Phoenix, AZ 85012
Telephone: (602) 263-1700

*Counsel for CCA Defendants*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eamma Jean Woods, et al., | Case No. 07-cv-1078 DMS (PCL) |
| Plaintiff, | **JOINT MOTION FOR INDICATIVE RULING STATING COURT'S INCLINATION TO ENTERTAIN JOINT MOTION TO CERTIFY SETTLEMENT CLASS** |
| v. | |
| John Morton, et al., | |

Defendant.

Pursuant to Federal Rule of Civil Procedure 62.1, Eamma Jean Woods, et al. ("Plaintiffs") and John Morton, et al. ("Defendants") jointly request that this Court issue an Indicative Ruling stating its willingness to entertain the parties' Joint Motion to Certify a Settlement Class should the Ninth Circuit remand this case for that purpose.

## I. PROCEDURAL HISTORY

In conjunction with the filing of Plaintiffs' Complaint, Plaintiffs moved for class certification on June 13, 2007. On December 11, 2007, the District Court denied Plaintiffs' motion for class certification. Plaintiffs sought appellate review of this decision pursuant to Federal Rule of Civil Procedure 23(e), and on March 13, 2008, the U.S. Court of Appeals for the Ninth Circuit granted Plaintiffs' petition for permission to appeal the District Court's denial of class certification.

On May 6, 2009, after the parties submitted their appellate briefing, the Ninth Circuit issued an Order, attached as **Exhibit A**, referring the case to the Circuit Mediator "to explore the possibility of mediation," and stating as follows:

> The Court is inclined to hold the issues in this case amenable to adjudication through a class action. Because, however, of the need to identify what steps should be taken to assure adequate medical care to detainees, a more constructive approach might be for the parties to attempt to resolve the case through mediation. Submission of this case is therefore deferred to allow the parties to consider settlement.

Thereafter, the parties engaged in mediation, which included participation in numerous in-person and telephone mediation sessions conducted by Chief Circuit Mediator, Claudia Bernard. Ultimately, the parties entered into a settlement agreement on December 16, 2010, attached hereto as **Exhibit B**.

## II. RELIEF REQUESTED

The parties seek to file in the district court a Joint Motion to Certify a Settlement Class. The order granting permission to appeal the denial of class certification, however, divested the district court of jurisdiction to rule on such a motion. *City of Los Angeles, Harbor Div. v. Santa*

1 *Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal"). Therefore, the Ninth Circuit must first remand this case to the district court before it can consider the parties' Joint Motion to Certify a Settlement Class.

According to the procedure first established by the Ninth Circuit in the context of a Federal Rule of Procedure 60(b) motion while an appeal is pending, prior to requesting a remand from the Ninth Circuit, the parties must first ask the district court to indicate whether it would entertain the Rule 60(b) motion. *Crateo, Inc. v. Intermark, Inc.*, 36 F.2d 862, 869 (9th Cir. 1976) (finding that in order to seek Rule 60(b) relief while an appeal is pending, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [in the Ninth Circuit], if appropriate, for remand of the case.") This procedure now applies to the relief sought here because the recently-adopted Federal Rule of Civil Procedure 62.1 "adopts for ***any*** motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." Fed. R. Civ. P. 62.1. Advisory Committee Notes (emphasis added).

Both the parties and the Ninth Circuit agree that settlement is the most constructive approach to resolving this action. Therefore, the parties respectfully request that the Court issue an Indicative Ruling stating it is willing to entertain their Joint Motion to Certify a Settlement Class should the Ninth Circuit remand this case for that purpose.

//
//
//
//
//
//
//
//
//

Dated: December 22, 2010　　　　　　　　　Respectfully submitted,

LAW OFFICES OF ELIZABETH ALEXANDER
ELIZABETH ALEXANDER

　/s/Elizabeth Alexander
---
Elizabeth Alexander

Counsel for Plaintiffs

ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
DAVID BLAIR-LOY

　/s/David Blair-Loy
---
David Blair-Loy

Counsel for Plaintiffs

COOLEY LLP
ANTHONY M. STIEGLER

　/s/Anthony M. Stiegler
---
Anthony M. Stiegler

Counsel for Plaintiffs

OFFICE OF IMMIGRATION LITIGATION
CIVIL DIVISION, U.S. DEP'T OF JUSTICE
VICTOR M. LAWRENCE

　/s/Victor M. Lawrence
---
Victor M. Lawrence

*Counsel for Federal Defendants*

JONES, SKELTON & HOCHULI, P.L.C.
DANIEL P. STRUCK

　/s/Daniel P. Struck
---
Daniel P. Struck

*Attorneys for CCA Defendants*